UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **KEENAN K. COFIELD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1442 (ESH) |
| | ) | |
| **CORIZON, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Keenan Cofield originally filed this action against thirty-one named and unnamed defendants in the Superior Court of the District of Columbia on July 22, 2013. The six-count complaint alleges, *inter alia*, that he was wrongfully arrested and imprisoned by U.S. Marshals, and on another occasion he was attacked by prison employees and denied medical treatment for his injuries while incarcerated in the Chesapeake Federal Detention Center in Baltimore, Maryland.

On September 20, 2013, federal defendants[1] removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1). (Notice of Removal of a Civil Action, Sept. 20, 2013 [Dkt. No. 1].) Currently before the Court are Maryland defendants'[2] motion to transfer venue to the U.S. District Court for the District of Maryland (Mot. to Transfer Venue, Oct. 25, 2013 [Dkt. No.

---

[1] The "federal defendants" include the United States of America, U.S. Attorney General Eric Holder, the U.S. Probation and Pretrial Services System, the U.S. Marshals Service, Director of the U.S. Marshal Services, U.S. Marshal for the District of Maryland Johnny L. Hughes, and the U.S. General Services Administration.

[2] The "Maryland defendants" include Governor Martin O'Malley, Attorney General Douglas Gansler, Treasurer Nancy K. Kopp, Secretary of the Department of Public Safety and Correctional Services Gary Maynard, and the Maryland Board of Public Works.

13]),[3] and plaintiff's motion to remand to the Superior Court of the District of Columbia. (Emergency Response and Mot. to Remand, Nov. 20, 2013 [Dkt. No. 21].)

In his motion to remand, plaintiff argues that the federal defendants waived their rights of removal by failing to remove within thirty days of receipt of the complaint, as required under 28 U.S.C. § 1446(b)(1). (Mot. to Remand at 2.) However, "a named defendant's time to remove is . . . not [triggered] by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Federal defendants proffer, and there is no evidence to the contrary, that they were never properly served in this case; accordingly, the thirty-day time limit for removal in section 1146(b)(1) had not even begun to run, let alone lapsed, by the time federal defendants removed the case. For this reason, removal was timely, and plaintiff's motion to remand will be denied.

Further, the Court will grant the Maryland defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a). To determine whether to transfer venue, a Court must ask (1) whether the action could have originally been brought in the proposed transferee court, and, if so, (2) whether the "convenience of the parties and witnesses" and the "interest of justice" counsel in favor of transfer. *Id.* In this case, because "a substantial part of the events or omissions giving rise to the claim[s]" allegedly occurred in Baltimore and Baltimore County, Maryland, this complaint originally could have been brought in the U.S. District Court for the District of Maryland. *See* 28 U.S.C. § 1391(a); *see also* 28 U.S.C. § 1391(e).

Moreover, the Maryland defendants have carried their burden of demonstrating that the action should be transferred, notwithstanding plaintiff's initial choice of forum. The District of Columbia is not plaintiff's home forum, nor does it have any "meaningful ties to the

---

[3] Neither the federal defendants nor Corizon, Inc., object to the transfer of venue requested by the Maryland defendants. (Mot. to Transfer Venue at 3.)

2

controversy." *See Robinson v. Eli Lilly & Co.*, 535 F. Supp. 2d 49, 52 (D.D.C. 2008). When "the only real connection [the] lawsuit has to the District of Columbia is that a federal agency [is] headquartered here . . . venue is not appropriate in the District of Columbia." *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 81 (D.D.C. 2009) (internal quotation marks omitted). In contrast, the lawsuit's connections to Maryland counsel in favor of transferring venue. The majority of defendants are public officials or employees of the State of Maryland or otherwise are employed or reside in Maryland, the causes of action accrued in Maryland, and plaintiff is incarcerated in Maryland. *See Thomas v. United States*, 779 F. Supp. 2d 154, 158 (D.D.C. 2011). And because the case raises state-law claims brought under Maryland law and against Maryland officials, the public interest favors transfer of venue to Maryland courts. *See Nat'l Ass'n of Home Builders v. U.S. E.P.A.*, 675 F. Supp. 2d 173, 177 (D.D.C. 2009); *Veney v. Starbucks Corp.*, 559 F. Supp. 2d 79, 84 (D.D.C. 2008). For these reasons, the Court will order transfer of the instant case to the United States District Court for the District of Maryland.

\* \* \*

Accordingly, it is hereby

**ORDERED** that plaintiff's motion to remand [Dkt. No. 21] is **DENIED**; and

**ORDERED** that the motion to transfer venue [Dkt. No. 13] is **GRANTED**; and

**ORDERED** that the Clerk's Office is directed to **TRANSFER** forthwith the instant case to the United States District Court for the District of Maryland.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 12, 2013